**CREDIT SUISSE FIRST BOSTON LLC, Petitioner,**

v.

**Thomas H. CHAI, Respondent.**

**No. 04 Civ. 228(VM).**

United States District Court,
S.D. New York.

April 29, 2004.

James A. Batson, Liddle & Robinson, L.L.P., New York, NY, for Thomas H. Chai.

Michael Joseph Osnato, Jr., New York, NY, James Robert Warnot, Jr., for Credit Suisse First Boston, LLC.

## DECISION AND ORDER

MARRERO, Judge.

Thomas Chai ("Chai") initiated an arbitration proceeding against his former employer, Credit Suisse First Boston LLC ("CSFB"), who now petitions the Court to stay that arbitration proceeding and to compel Chai to arbitrate the matter in another forum. Because the Court lacks subject matter jurisdiction, the petition is dismissed.

### I. BACKGROUND [1]

Shortly after CSFB hired Chai in April 1996, Chai executed a form entitled "UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER," also called "Form U-4." By signing that form, Chai officially registered, as a CSFB employee, with six self-regulatory organizations ("SROs") in the securities industry, including the New York Stock Exchange ("NYSE"). Chai also agreed, as part of Form U-4, to "arbitrate any dispute ... between me and my firm" – CSFB – "that is required to be arbitrated under the rules, constitutions, or by-laws of" the six SROs with which he registered. (Frost Decl. Ex. A)

In December 1997, CSFB introduced a Dispute Resolution Program (the "DRP"), which sets forth a three-step process for resolving employment related disputes. If the dispute cannot be resolved through an internal grievance procedure (step one) or mediation (step two), the DRP mandates that the parties submit to arbitration be-

---

**1.** The factual summary derives from (1) CSFB's petition ("Pet."); (2) the declaration of Jennifer Frost ("Frost Decl.") dated Jan. 12, 2004; (3) the affidavit of Thomas Chai dated Mar. 3, 2004; and (4) the affirmation of James A. Batson dated Mar. 3, 2004, as well as the exhibits attached to those documents. Except where necessary, the Court will not cite these sources further.

fore one of three arbitration providers. In March 1999, Chai signed a form agreeing to follow the DRP.

CSFB laid off Chai in December 2002, and in November 2003, Chai filed a statement of claim with the NYSE arbitration department, contending that CSFB owed him more compensation. NYSE is not one of the three arbitration providers permitted under the DRP. CSFB later commenced an arbitration, in connection with Chai's same employment dispute, before an arbitration provider, JAMS, which *is* one of the three providers designated under the DRP. CSFB's petition seeks an order from this Court staying the NYSE arbitration and ordering Chai to participate in the JAMS arbitration.

## II. *DISCUSSION*

CSFB's asserted basis for federal jurisdiction is 28 U.S.C. § 1331, which gives district courts jurisdiction over "all civil actions arising under" federal law. Although CSFB acknowledges that its petition does not raise a cause of action created by a particular federal statute or regulation, CSFB contends that its petition "raises issues concerning the interplay between federal supervision of the securities industry, including its arbitration practices, and private arbitration agreements between employers and employees in the securities industry." (Pet. ¶ 9) CSFB and Chai dispute whether this is sufficient to confer federal jurisdiction.

The issue on the merits of the petition involves the proper interpretation of Form U–4 and the DRP. CSFB contends that the DRP supersedes Form U–4. Chai counters, first, that Form U–4 trumps the DRP (not the other way around), and second, that the terms of the DRP itself permit the NYSE arbitration. The Court concludes that this petition presents an ordinary contract question under state law – a threshold dispute that should be

addressed to the arbitrators in the first instance – and therefore dismisses the petition for lack of subject matter jurisdiction.

A case only "arises under" federal law within the meaning of 28 U.S.C. § 1331 if a plaintiff's "well-pleaded complaint" contains a federal question; a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The typical federal question case is one in which federal law creates the plaintiff's cause of action, but federal question jurisdiction under § 1331 may also exist where the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Supreme Court has emphasized that *Franchise Tax Board* did not set forth an "automatic test" for jurisdiction, but instead requires courts in many cases to make "careful judgment[s]" based upon "principled, pragmatic distinctions" regarding the propriety of exercising federal judicial power. *Merrell Dow*, 478 U.S. at 813–14, 106 S.Ct. 3229.

The cause of action underlying this case is one of contract, not one created by federal law. The only federal ingredient to this case is the fact that Form U–4 was adopted by the federal Securities Exchange Commission and pertains to the federally-regulated securities industry. Although the relief CSFB seeks may require a court to construe Form U–4, it would not require a court to resolve any "substantial question of *federal law*." *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. 2841 (emphasis added). The arbitration clause of Form U–4 is neither a federal law, nor a federal regulation, nor even a rule of the NYSE; it is a contract between

Chai and the NYSE (of which CSFB is a member). *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 n. 2, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (describing Form U–4's arbitration clause as "a contract with the securities exchanges"). Thus, CSFB's petition is essentially a contract dispute: CSFB is asking the Court to enforce two contracts (the DRP and Form U–4), as CSFB has interpreted them.

The Court's conclusion finds support in the Second Circuit's decision in *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49 (2d Cir.1996). In that case, the plaintiff, an NYSE floor clerk, challenged the NYSE's decision, pursuant to its internal disciplinary rules, to bar the plaintiff from the NYSE trading floor. The plaintiff in *Barbara* alleged various causes of action, including tortious interference with contractual relationships and tortious interference with prospective economic advantage. The Second Circuit stated that, even assuming the plaintiff's state law claims depended upon a certain interpretation of NYSE's disciplinary rules, those rules are "'contractual in nature.'" *Id.* at 54 (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Georgiadis*, 903 F.2d 109, 113 (2d Cir.1990)). As such, the panel held that those rules are "interpreted pursuant to ordinary principles of contract law, an area in which the federal courts have no special expertise." *Id.* at 55. The Second Circuit therefore held that the plaintiff's claims did not "arise under" federal law within the meaning of § 1331.

In this case, Form U–4's arbitration clause is not merely "contractual *in nature*," *id.* at 54 (emphasis added); it is itself a contract. Thus, it necessarily follows from *Barbara* that the role of Form U–4 in this litigation cannot furnish the court with federal question jurisdiction under § 1331. *Cf. Application of Prudential Securities Inc.*, 795 F.Supp. 657, 659 (S.D.N.Y.1992) ("NASD rules are established and enforced by a private association and do not give rise to federal question jurisdiction.").[2]

Finally, the Court notes that to hold otherwise would open the federal courts to ordinary employment contract disputes, which typically belong in the state systems, merely because the employees or employers are involved in the securities industry. In a similar context, the Second Circuit noted that Congress doubtfully intended to "saddle the federal courts with garden-variety customer-broker suits, even though the controversy was between citizens of the same state, the sum in question did not attain the jurisdictional amount required by 28 U.S.C. § 1331, and there was no indication the case would be decided differently under state law." *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183 (2d Cir.1966) (Friendly, J.). Along the same lines as *Colonial Realty*, the Court here doubts that Congress intended to saddle the federal courts with jurisdiction to apply state law contract principles in deciding garden-variety employment contract disputes which happen to occur in the securities industry.

### III.  *ORDER*

For the reasons stated, it is hereby

**ORDERED** that this case is dismissed for lack of jurisdiction.

**SO ORDERED.**

---

2.  By contrast, in a case CSFB cites in its favor, *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 101 (2d Cir.2001), the Second Circuit asserted § 1331 jurisdiction because the plaintiff's state law claims "require[d] a court to construe federal securities laws," in particular, the Securities Exchange Act of 1934 and its regulations.